1

2   **UNITED STATES DISTRICT COURT**

3   **DISTRICT OF NEVADA**

4

5   ERIC MCKINNEY, an individual,          )
                                        )

6             Plaintiff,       )
   vs.                          )    Case No. 2:11-cv-02081-GMN-VCF

7                                              )    **ORDER**
SANDS EXPO & CONVENTION CENTER,   )

8   INC., a Nevada corporation; LISA WITHERELL,)
an individual; DONNA BARRICKLOW, an      )

9   individual; ASHLYN LAPORTE, an individual;  )
and ANSARY (CJ) SIYWASH, an individual.    )

10                                            )

11             Defendants.     )
                                       )

12

13         Pending before the Court is a Motion to Dismiss (ECF No. 17) and a Motion for

14   Summary Judgment (ECF No. 30), filed by Defendants Sands Expo & Convention Center, Lisa

15   Witherell, Donna Barricklow, Ashlyn LaPorte and CJ Ansary.  For the reasons discussed below,

16   Defendants' Motion to Dismiss is granted.  Consequently, the Complaint will be dismissed, and

17   the Motion for Summary Judgment will be denied without prejudice.

18   **I.     BACKGROUND**

19         This case is an employment discrimination and retaliation action arising out of the

20   termination of Plaintiff Eric McKinney ("Plaintiff").  Plaintiff was an employee of Defendant

21   Sands Expo & Convention Center, Inc. ("Sands").  Plaintiff also includes in the action Sands'

22   Custodial Manager, Lisa Witherell ("Witherell"); Director of Human Resources, Donna

23   Barricklow ("Barricklow"); Executive Director of Event Management, Ashlyn LaPorte

24   ("LaPorte"); and Assistant Custodial Manager and Plaintiff's immediate supervisor, CJ Ansary

25   ("Ansary") (collectively, "Defendants").

**A.   Allegations in the Complaint.**

*1.  Failure to Promote*

Plaintiff identifies himself in the Complaint as "the only black male in the custodial department since 2008," who worked for Sands as a Custodial Supervisor from July 25, 2005 until his termination on April 19, 2010. (ECF No. 6, page 3)  The Complaint alleges that on or around December 2008, LaPorte and Barricklow hired Witherell to be Assistant Custodial Manager.  Later, in March of 2009, LaPorte and Barricklow hired Bernard Cuthbert, a white male, for the same position.  Mr. Cuthbert was only employed for seven (7) months and LaPorte and Barricklow replaced him by promoting Ansary to the position of Assistant Custodial Manager.  None of these individuals were black.  Plaintiff was never offered the job despite his greater experience and longer tenure with Sands.  Additionally, after his promotion, Ansary did not assign Plaintiff English-speaking leads to help with shows.

*2.  Disciplinary Actions*

On October 23, 2009, Plaintiff was written up for missing a booth cleaning.  On October 25, 2009, Plaintiff discussed this citation in a meeting with Witherell, where it was decided that the discipline was unwarranted and the citation was voided.  Then, on November, 4, 2009, due to scheduling confusion and working back-to-back graveyard and day shifts, Plaintiff overslept and arrived to work late.  Plaintiff was subsequently written up for tardiness.  This was the first time in four years that Plaintiff had been written up for tardiness and no other salaried employee arriving late for a shift had received such a citation.  Nonetheless, at a meeting the next day, Plaintiff was presented with a citation for his tardiness on November 4, 2009 and the October 23, 2009 citation was reinstated.  Subsequently, on December 4, 2009, Plaintiff complained to Human Resources that the citations were unfairly issued given the circumstances.  Plaintiff also inquired what disciplinary actions had been taken against another employee, a Floor Coordinator, who arrived for a shift late and intoxicated.

Additionally, on February 18, 2010, Plaintiff called in sick and used one of five annually

allotted sick days.  Upon returning to work the following day, Plaintiff was written up for using

a sick day.  Two of Plaintiff's co-workers, who held the same position as Plaintiff, additionally

called in sick the same day as Plaintiff.  One, a white female, was disciplined; another, a female

of mixed race (black and white) was not disciplined.

### 3. *Termination*

On April 18, 2010, Plaintiff called to inform his immediate supervisor that he boarded the

incorrect bus due to a bus schedule change and was going to be late.  He also called a co-worker

to pick him up at a nearby bus stop to avoid any further tardiness.  Upon arriving to work,

however, Defendant was written up for insubordination and sent home.  The next day, Plaintiff

was terminated for tardiness, insubordination, and consistent disciplinary matters.  The white co-

worker who had picked up Plaintiff after he ended up at the wrong bus stop was also terminated.

The described incidences notwithstanding, Plaintiff had the best attendance record of any

Custodial Supervisor employed with Sands, and many of the tardy infractions listed in the

termination charge had never occurred.  Additionally, the charge of insubordination was untrue.

### B.   Procedural Facts

On September 2, 2010, Plaintiff filed a Charge of Discrimination ("the Charge") with the

EEOC and cross-filed with the Nevada Equal Rights Commission.  The Charge alleged racial

discrimination and retaliation.  On September 29, 2011, the EEOC dismissed the Charge and

issued Plaintiff a Right to Sue letter.  Plaintiff then filed this action *pro se* in federal court on

December 23, 2011, alleging racial discrimination, retaliation, wrongful termination, and

defamation of character.  Defendants now move to dismiss the complaint for failure to state a

claim.

## II.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

1  can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and

2  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

3  8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A district court must accept as

4  true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled

5  to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Mere recitals of the

6  elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678.

7      While Rule 8 does not require detailed factual allegations, it demands "more than labels

8  and conclusions" and "[f]actual allegations must be enough to rise above the speculative level."

9  *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must contain sufficient

10  factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.  When the claims

11  in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint

12  must be dismissed. *Id*.

13      However, the Court also notes the well-established rule that *pro se* complaints are subject

14  to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally

15  construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  This is particularly

16  true in civil rights cases. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

17  1988) (holding that courts must afford *pro se* plaintiffs "the benefit of any doubt").

18  **III.    DISCUSSION**

19      Defendants argue that Plaintiff's claim for failure to promote is time-barred and that the

20  remainder of Plaintiff's complaint lacks factual allegations supporting all elements of the listed

21  causes of action.  The Court agrees.

22      **A.    Failure to Promote**

23      Prior to filing a civil complaint, a victim of employment discrimination must file a timely

24  Charge of Discrimination with the EEOC. *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir.

25  2002).  Where the charge is also brought before a state agency, the Plaintiff must file with the

1  EEOC within 300 days after the date the alleged discriminatory employment practice occurred.

2  42 U.S.C. § 2000e-5(e)(1).  Upon expiration of this time period, the claim for the discriminatory

3  act is time-barred and not actionable. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113

4  (2002).  Although "this time period is subject to equitable doctrines such as tolling or estoppel,"

5  such doctrines are to be applied sparingly. *Id*. at 114.  Accordingly, discrete, easily identifiable

6  acts, such as failure to promote, must be brought strictly within the applicable time period. *See*

7  *id*. at 114-15.

8         Plaintiff brought the Charge of Discrimination before the EEOC on September 2, 2010.

9  Because Plaintiff also brought the Charge before a state agency, the 300-day time period applies

10  and all actionable allegations must have occurred on or after November 6, 2009.  Because the

11  latest of Plaintiff's alleged failed promotions occurred in October of 2009, the claim is time-

12  barred and not actionable.[1]  Accordingly, the Court dismisses Plaintiff's failure to promote

13  claim.

14         **B.     Race Discrimination**

15         Title VII makes it unlawful for an employer to "discriminate against any individual with

16  respect to his compensation, terms, conditions, or privileges of employment, because of such

17  individual's race. . . ." 42 U.S.C. § 2000e-2(a)(1).  Under Title VII, a person suffers

18  discrimination in his employment "when he or she is 'singled out and treated less favorably than

19  others similarly situated on account of race.'" *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103,

20  1121(9th Cir. 2004) (internal quotation marks omitted) (quoting *Jauregui v. City of Glendale*,

21  852 F.2d 1128, 1134 (9th Cir. 1988)).  To state a claim under Title VII, a plaintiff must allege:

22  (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff

23

24  [1] Additionally, Plaintiff's first two disciplinary actions fall before this cut-off date.  However, the crux of
    Plaintiff's racial discrimination claim is his termination.  The disciplinary acts complained of, are cited as
    evidence that the reasons cited for Plaintiff's termination were pretextual.  Time-barred acts may still be used as

25  background evidence in support of a timely claim. *Nat'l R.R.*, 536 U.S. at 113.  Thus, the disciplinary actions that
    took place before the cut-off date are still relevant as background evidence of pretextual termination.

1 performed his job satisfactorily; (3) that the plaintiff suffered an adverse employment action;

2 and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated

3 employee who does not belong to the same protected class as the plaintiff. *Peterson v. Hewlett-*

4 *Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

5       Plaintiff has not adequately pled a claim for racial discrimination with respect to either

6 the disciplinary actions or his termination because Plaintiff's Complaint does not contain the

7 allegation required by law, that similarly situated, non-black employees were treated more

8 favorably than Plaintiff.  With respect to the citation for missing a booth clean-up, Plaintiff does

9 not allege that similarly situated employees not of his race were given more favorable treatment

10 in similar circumstances.  Likewise, Plaintiff's allegation that Ansary did not assign Plaintiff any

11 English-speaking leads fails to state that Custodial Supervisors of other races were assigned

12 English-speaking leads.  Thus, Plaintiff's allegations—even if the actions were unfair or

13 unwarranted—are insufficient to draw an inference of racial discrimination.

14       Similarly, with respect to the November 5, 2009 citation for tardiness, Plaintiff alleges

15 that he was the only employee cited for tardiness even though "everyone" at some point had

16 been tardy.  Assuming that by the use of the term "everyone" Plaintiff is referencing similarly

17 situated employees, this allegation only shows that Plaintiff was treated differently from

18 similarly situated employees; the allegation fails to detail that the disparate treatment was

19 motivated by Plaintiff's race or that none of the similarly situated, tardy employees was black.[2]

20 Because the Complaint lacks the specificity with respect to the racial component of the claim,

21 the Court cannot infer that Defendants' differential treatment of Plaintiff was driven by

22 Plaintiff's race.

23       Plaintiff's Complaint does contain two specific allegations that Ansary and a Floor

24

25 [2] Plaintiff does allege that he was the only black male Custodial Supervisor employed with Sands.  However, the Complaint also references other black Custodial Supervisors.

1    Coordinator, both not of Plaintiff's race, were late for shifts and not disciplined.  However, the

2    Complaint also details that Ansary, who held a higher position than did Plaintiff, emailed in

3    advance to inform everyone of a doctor's appointment.  Both Ansary's position and the

4    circumstances of his tardiness make him not similarly situated to Plaintiff.  Additionally, the

5    Complaint details only that Plaintiff was suspicious and *inquired* whether the Floor Coordinator

6    was disciplined; the Complaint does not detail that Plaintiff ever confirmed his suspicions.

7    Consequently these allegations are likewise insufficient to infer disparate treatment based on

8    race.

9         Finally, with respect to the citation for using a sick day and Plaintiff's ultimate

10   termination, Plaintiff alleges that similarly situated employees of other races were treated

11   *similarly* to Plaintiff.  The Complaint details that when Plaintiff was cited for using a sick day, a

12   white custodial supervisor was also cited for the same action.[3]  Further, when Plaintiff was

13   terminated, he was terminated along with a white employee involved in the same incident

14   culminating in Plaintiff's termination.  Because the Complaint alleges that different races were

15   treated similarly, the Court cannot infer racial discrimination on Defendants' part.

16        **C.    Retaliation**

17        Title VII similarly prohibits an employer from retaliating against an employee who

18   opposes unlawful employment acts. *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011).

19   To establish a prima facie case for retaliation under Title VII, an employee must show (1) that

20   he engaged in a protected activity, (2) he subsequently experienced an adverse employment

21   action, and (3) a causal link exists between the two. *Id*.  "The causal link can be inferred from

22   circumstantial evidence such as the employer's knowledge of the protected activities and the

23   proximity in time between the protected activity and the adverse action." *Id*.

24
     _____

25   [3] The Complaint additionally alleges that a mixed race (black and white) Custodial Supervisor was not disciplined
     suggesting that similarly situated employees of the *same* protected class were treated dissimilarly, and further
     prohibits the inference of racial discrimination.

1    Plaintiff's allegation that his April 19, 2010 termination was motivated by retaliation for

2  Plaintiff's December 4, 2009 complaint to human resources is insufficient to state a claim for

3  retaliation.  There is nothing in the Complaint that suggests that Plaintiff's complaint to the HR

4  department contained anything related to racial discrimination.  Rather, the inference of the

5  Complaint is that Plaintiff complained about the voided citation being reinstated, and being cited

6  for tardiness due to his supervisor's mismanagement of the work schedule.  Thus, it does not

7  appear that the Plaintiff's complaint to HR was related to activity protected under Title VII.

8    However, even if it was, it is unreasonable to draw the inference that the HR complaint

9  and termination were causally connected.  Plaintiff's termination did not occur until more than

10  four months after the complaint.  This is too long a time for an inference of causality. *See, e.g.*,

11  *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (3–month period insufficient to

12  establish causal connection); *Hughes v. Derwinski*, 967 F.2d 1168, 1174–1175 (7th Cir. 1992)

13  (4–month period insufficient).  This is especially true considering that Plaintiff was also subject

14  to additional disciplinary actions within those four months.  Consequently, the retaliation claim

15  fails.

16    **D.    Wrongful Termination**[4]

17    Under Nevada law, wrongful termination is generally a cause of action requiring an

18  employment contract which specifies that termination may only be for cause. *See Am. Bank*

19  *Stationery v. Farmer*, 799 P.2d 1100 (Nev. 1990).  However, an exception exists under which an

20  employer may be subject to liability for the termination of an at-will employee where the

21  termination violates public policy. *Bigelow v. Bullard*, 901 P.2d 630, 631 (Nev. 1995).  In these

22  cases, "the employee must be able to establish that the dismissal was based upon the employee's

23  refusing to engage in conduct that was violative of public policy or upon the employee's

24  engaging in conduct which public policy favors." *Id*. at 632 (citing *D'Angelo v. Gardner*, 819

25

---

[4] The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

1    P.2d 206, 215-16 (Nev. 1991)).

2         Plaintiff's Complaint does not allege any facts outside those detailing racial

3    discrimination that would allow this claim to survive independently.  Thus, because the Court

4    has dismissed the racial discrimination claims, the Court dismisses the wrongful termination

5    claim as well.

6         **E.    Defamation**

7         To state a claim of defamation, a plaintiff must prove: "(1) a false and defamatory

8    statement by [the] defendant concerning the plaintiff; (2) an unprivileged publication to a third

9    person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages."

10   *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 90 (Nev. 2002).

11        Plaintiff's allegations are insufficient to state a claim for defamation.  Plaintiff's

12   defamation claim rests on the allegations that some of the instances cited in the termination

13   charge for tardiness, insubordination, and consistent disciplinary matters were fabricated and

14   that Plaintiff has not been able to obtain work since being fired.  However, Plaintiff has not

15   alleged that Defendants published the information in his termination charge.  Consequently,

16   Plaintiff has not pled all the requisite elements of the claim.

17        **F.    Dismissal**

18        The Court grants Defendants' Motion and dismisses Plaintiff's Complaint.  Because the

19   failure to promote claim is time-barred, that claim is dismissed with prejudice.  The remaining

20   claims are dismissed without prejudice and Plaintiff may seek amendment, provided that any

21   Motion to Amend is brought **Monday, July 22, 2013**.  Failure to file a Motion to Amend by that

22   date will result in dismissal with prejudice.

23        Because the Complaint is dismissed, Defendants' Motion for Summary Judgment is

24   denied without prejudice.  If Plaintiff files an amended complaint that cures the deficiencies

25   described in this Order, Defendants may renew their Motion.

1  **IV.   CONCLUSION**

2      **IT IS HEREBY ORDERED** that Defendants Sands Expo & Convention Center, Lisa

3  Witherell, Donna Barricklow, Ashlyn LaPorte and CJ Ansary's Motion to Dismiss (ECF No.

4  17) is **GRANTED**, and Plaintiff's Complaint is hereby **DISMISSED**.

5      **IT IS FURTHER ORDERED** that Defendants Sands Expo & Convention Center, Lisa

6  Witherell, Donna Barricklow, Ashlyn LaPorte and CJ Ansary's Motion for Summary Judgment

7  (ECF No. 30) is **DENIED without prejudice**.

8      **IT IS FURTHER ORDERED** that Plaintiff may seek amendment as reflected in this

9  Order, provided that any Motion to Amend is brought **Monday, July 22, 2013**.  Failure to file a

10  Motion to Amend by that date will result in **DISMISSAL with prejudice**.

11      DATED this 26th day of June, 2013.

12

13  _____

14  Gloria M. Navarro
   United States District Judge

15

16

17

18

19

20

21

22

23

24

25