UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Eric McKinney,                              )
                                            )
                Plaintiff,                  )   Case No.: 2:11-cv-02081-GMN-VCF
        vs.                                 )
                                            )   **ORDER**
Sands Expo & Convention Center, Inc.; Lisa  )
Witherell; Donna Barricklow; Ashlyn LaPorte;)
and Ansary (CJ) Siywash,                    )
                                            )
                Defendants.                 )
                                            )

Pending before the Court is the motion styled as a "Motion to Amend" (ECF No. 36) field by *pro se* Plaintiff Eric McKinney, to which Defendants Sands Expo and Convention Center, Inc. ("Sands"), Lisa Witherell, Donna Barricklow, Ashlyn LaPorte, and CJ Ansary (collectively, "Defendants") filed a Response (ECF No. 37). Plaintiff did not file a Reply, and the deadline to do so has now expired.

**I. BACKGROUND**

On June 26, 2013, the Court entered its Order granting Defendants' Motion to Dismiss (ECF No. 17), and dismissing Plaintiff's claims without prejudice for failure to state a claim upon which relief can be granted. (ECF No. 35.) The Court further ordered "that Plaintiff may seek amendment as reflected in this Order, provided that any Motion to Amend is brought **Monday, July 22, 2013**." (*Id.*) The Court warned that failure to do so would result in dismissal with prejudice. (*Id.*)

On Monday, July 22, 2013, Plaintiff filed the instant motion, styled as a "Motion to Amend," requesting amendment to the Court's Order (ECF No. 35), but not requesting amendment of his claims as reflected in the Order. (ECF No. 36.)

## II. DISCUSSION

The Court recognizes that Plaintiff apparently understood the Court's Order as an instruction to file a request to amend the Court's Order, instead of an instruction to file a request to amend his pleadings.  A request, such as Plaintiff's, to amend an order of the Court is governed by Rule 60 of the Federal Rules of Civil Procedure, which provides for "Relief from a Judgment or Order."  A request to amend a pleading, as contemplated by the Court in its Order, is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides for "Amended and Supplemental Pleadings."

Because Plaintiff's motion is governed by Rule 60, and Defendants' Response addresses grounds for amending a pleading, as governed by Rule 15(a), the Court here recites both legal standards.  However, the Court will analyze Plaintiff's motion only as to the Rule 60 legal standard.  As discussed below, the Court will deny Plaintiff's motion, but finds good cause to grant an extension of time for Plaintiff to file a Motion to Amend his Complaint, if Plaintiff is inclined to do so.

### A. Rule 60

Rule 60 provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding," and lists the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, the Court has reviewed Plaintiff's motion and the grounds he proposes for amendment of the Court's Order, but finds no basis for reconsideration or amendment pursuant to Rule 60(b). Accordingly, the Court will deny Plaintiff's motion, styled as a "Motion to Amend" (ECF No. 36).

**B. Rule 15(a)**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

In the Court's previous Order, the deficiencies of Plaintiff's Complaint were addressed in detail, and the Court gave leave for Plaintiff to file a motion requesting leave to amend his pleading if he can show that leave to amend is justified pursuant to Rule 15(a). This requires a showing that no reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." exists to support denial of leave to amend his Complaint.

Because Plaintiff appears to have filed his "Motion to Amend" in good faith, the Court

finds good cause to extend the deadline originally set forth in its previous Order, despite Plaintiff's failure to comply with the Court's instruction in the Order.

Plaintiff shall have until February 14, 2014, to file any motion requesting leave to amend his pleading, consistent with the requirements of Rule 15(a) of the Federal Rules of Civil Procedure, and with Rule II.15-1 of the Local Rules of Civil Practice for the District of Nevada, which requires a moving party to attach a proposed amended pleading to any motion to amend.

If Plaintiff fails to file such a motion by February 14, 2014, then the Court will enter an order dismissing this action with prejudice, and the case will be closed.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the motion styled as a "Motion to Amend" (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until February 14, 2014, to file any motion requesting leave to amend his pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Rule II.15-1 of the Local Rules of Civil Practice for the District of Nevada. Failure to do so by this deadline shall result in dismissal of this action with prejudice, and the case shall be closed.

**DATED** this 30th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court