# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| ERIC McKINNEY, | 2:11–cv–2081–GMN–VCF |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION** |
| SANDS EXPO & CONVENTION CENTER, *et al.*, | |
| Defendants. | |

This matter involves Eric McKinney's Title VII action against Sands Expo & Convention Center, *et al*. Before the court is McKinney's motion to amend (#39[1]). Sands Expo filed an opposition (#40); and McKinney did not reply. For the reasons stated below, the court recommends denying McKinney's motion dismissing the action with prejudice.

## BACKGROUND

On September 2, 2010, McKinney filed a claim with the Equal Employment Opportunity Commission. On September 29, 2011, the Commission dismissed McKinney's claims and issued a right to sue letter. On December 23, 2011, McKinney initiated this action **after** the statute of limitations expired. *See* 42 U.S.C. § 2000e-5(e)(1); (*see also* June 26, 2013 Order (#35) at 5:1–4) (Navarro, C.J.) ("Upon expiration of this time period, the claim for the discriminatory act is time-barred and not actionable.").

---

[1] Parenthetical citations refer to the court's docket.

1

Nonetheless, the court granted McKinney leave to amend approximately three times. To date, each attempted has been unsuccessful. Accordingly, on June 26, 2013, the Honorable Gloria M. Navarro, Chief U.S. District Judge granted Defendants motion to dismiss and provided McKinney with one last opportunity to amend or face "dismissal with prejudice." (Order (#35) at 10:10).

On July 22, 2013, McKinney—having misunderstood Judge Navarro's order—filed a motion to amend Judge Navarro's order, rather than his complaint. After addressing McKinney's motion, Judge Navarro granted McKinney until February 14, 2014 to file an appropriate motion. (*See* Order #38).

On that date, McKinney complied with Judge Navarro's order in form but not in substance. Rather than filing and complaint and providing "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* FED. R. CIV. P. 8(a)(2), McKinney submitted a letter. (*See* Mot. to Amend (#39) at 4). In the letter, McKinney discusses the action's procedural history, implores the court to grant his requested relief, and states that he will not give up because "[m]y next step is the MEDIA!" (*Id*. at 4–5).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R. CIV. P 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, courts deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

2

The legal standard governing Rule 15 motions is akin to the legal standard governing motions to dismiss under Rule 12(b)(6). *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The Supreme Court's decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) provide that a complaint's allegations must cross "the line from conceivable to plausible" to satisfy Rule 8's requirements. *Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 546 (characterizing the line as separating "possibility and plausibility"). The Court prescribed a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "speculative," *see Twombly*, 550 U.S. at 555, "merely consistent with liability," *Iqbal*, 556 U.S. at 678, "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim, *id*. at 681, or couch legal conclusions as factual allegations. *Id*. at 697.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)). When the allegations in the complaint have not crossed the line from conceivable to plausible, it must be dismissed. *Twombly*, 550 U.S. at 570.

3

**DISCUSSION**

McKinney's motion to amend is denied for two reasons. First, McKinney's motion fails under *Forman v. Davis*, which only permits amendment in the absence of undue delay, repeated failure to cure deficiencies by amendments previously allowed, or futility. *Foman*, 371 U.S. at 182. Because each of these factors is present here, amendment must be denied. *Id*. McKinney's action has been pending for two years. In that time the complaint has been dismissed and McKinney has been granted leave to amend on multiple occasions. To date, however, McKinney has been unable to "show that he is entitled to relief," as Rule 8 requires. This delay, combined with McKinney's repeated failure to properly amend, compels denying McKinney's motion.

Second, permitting McKinney to amend would be futile because McKinney did not attach a proposed amended complaint. Rather, he drafted a letter to Judge Navarro on pleadings paper. In the letter, McKinney asserts that "[t]he court should . . . recognize I was terminated for 1 tardy in 4 ½ years of service with the Sands Expo and Convention Center and insubordination that I was falsely accused of." (Mot. to Amend (#39) at 4). McKinney also contends, "Retaliation, for going to H.R.'s Donna Barricklow on another employee's conduct defamed for using insubordination on my termination paper. And for hiring 18 years old C.1 as an asst. manager. Violation of Sands policy. Somebody is going to listen. I have all the evidence to prove Defendant's wrong and racists." (*Id*.) (grammatical errors original).

This is insufficient under *Iqbal*. When deciding whether a complaint complies with Rule 8, the court begins by determining which allegations may be accepted as true. *Iqbal*, 556 U.S. at 679, 680. Conclusory allegations are not accepted as true. *Id*. at 679. Because all of McKinney's allegations are conclusory, they are rejected. Consequently, McKinney's complaint fails to state a claim upon which relief can be granted.

4

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that McKinney's motion to amend (#39) be DENIED.

IT IS FURTHER RECOMMENDED that McKinney's action be DISMISSED WITH PREJUDICE. (*See* Jan. 30, 2014 Order (#38) at 4:12–16) (Navarro, C.J.) ("Failure to [properly amend] shall result in dismissal of this action with prejudice, and the case shall be closed.").

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO RECOMMENDED.

DATED this 17th day of March, 2014.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5